West, J.
Marriage is a contract relation founded in the mutual consent of the parties; on which account consenting capacity is essential to its consummation. Consequently the want of such capacity, in either party, renders the relation meretricious, not matrimonial. Such is the immemorial and universal judgment of civilized society. 1 Bl. Com. 439; 2 Rent’s Com. 40, 41. Hence, the marriage of parties, either of whom lacks the capacity to consent, is ineffectual and void ab initio. This disposes of the first and fundamental proposition suggested by the record.
Congenital, or other mental i-mbecility, is not among the statutory causes of divorce. These causes generally import a pre-existing valid contract, or a contract voidable only; which, when they or some of them supervene, will, for such cause, be judicially avoided. But this record does *274 not present a case for judicial nullification and avoidance under the statute, the pretended marriage being a nullity and void already. Does there, then, exist any necessity for judicially declaring such nullity, and will a court of equity, in the exei’cise of its ordinary powers, entertain jurisdiction to do it?
Social order and public decency demand that the parties to a meretricious relation, in which the forms of marriage, apparently legal, seem to bind them, should be judicially relieved therefrom. This alone is sufficient cause for the interference of whatever tribunal possesses the adequate powers. But the succession of property and the legitimacy of inheritance, which the law regards with peculiar jealousy, furnish a no less controlling motive for such interference. The want of consenting capacity, resulting from causes other than infancy, which is generally declared and the period thereof fixed by statute, is determinable in every instance by the testimony of witnesses only. Therefore, while the parties are in esse, and the witnesses accessible, it is of the greatest importance that every cloud which might obscure the succession or involve the inheritance, should be removed, rather than remain to foster future and consuming litigation. To this end a court of equity, in the exercise of its ordinary powers, will entertain jurisdiction, at the suit of the imbecile’s guardian, to declare his marriage a nullity, as it does to order the surrender and cancellation of a forged or otherwise void instrument. The propriety of such jurisdiction . is fully recognized by Chancellor Kent in Wightman v. Wightman, 4 Johns. Ch. 343, and by the Supreme Court of North Carolina, in Crump v. Morgan, 3 Ired. Eq. 91.
As to the defendant Jetmore, the judgment of the Common Pleas on her demurrer will be reversed, and the cause remanded for further proceedings. But the defendant Spencer, not being a necessary or proper party, the ruling of the Common Pleas, as to him, will be affirmed.
The decree of nullity will fully determine the right of the guardian to the absolute and exclusive control of the *275 imbecile’s person and estate. The extraordinary remedy, by injunction, is therefore unnecessary, and the prayer for it may be properly omitted or refused.